```
SALLY J. ELKINGTON, SBN 142619
ELKINGTON LAW
409 13th Street, 10th Floor
Oakland, CA 94612
Telephone:    (510) 465-0404
Facsimile:    (510) 465-0202
E-mail        sally@elkingtonlaw.com

Attorney for Debtor
SHARON KOUN
```

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 14-41445 WJL |
| SHARON KOUN, | CHAPTER 13 |
| DEBTOR | ***EX PARTE* MOTION TO REOPEN BANKRUPTCY CASE AND VACATE DISMISSAL** |
| | 11 U.S.C. 350(b); Fed. R. Civ. P. Rule 60(b); and Fed. R. Bank. P. rules 5010, 9013, and 9024. |
| | Date: ___<br>Time: ___<br>Place: 1300 Clay Street, Courtroom 220<br>Oakland, CA 94612 |
| | The Honorable William J. Lafferty |
| _____/ | |

      THIS MOTION IS HEREBY MADE BY Debtor SHARON KOUN for an order to reopen the above captioned bankruptcy case, numbered 14-41445 WJL, and vacating the dismissal of the bankruptcy case. This motion is based on Debtor's mistake, inadvertence, surprise, or excusable neglect.

      This motion to reopen the bankruptcy case is brought pursuant to 11 U.S.C. 350(b) and Fed. R. Bank. P. rule 5010. This motion to vacate the dismissal of the bankruptcy case is brought pursuant to Fed. R. Civ. P. Rule 60(b), and Fed. R. Bank. P. rules 9013 and 9024.

This motion is supported by the Memorandum of Points and Authorities, the Declaration of Sally J. Elkington, the Exhibits filed herewith, and this Court's records and files.

## I.
## RELEVANT FACTS

1. SHARON KOUN (hereinafter "Debtor") has filed three bankruptcies in 2014. Declaration of Sally J. Elkington ("Elkington Decl.") filed herewith and incorporated herein by reference, ¶¶ 3, 4, 11.

2. Debtor's first Chapter 13 bankruptcy petition was filed on February 10, 2014, as case number 14-40553. Docket 14-40553. Debtor filed the case Pro Se. Docket 14-40553. The case was dismissed on March 18, 2014, because Debtor had not filed a copy of her income tax returns. Docket 14-40553.

3. Debtor filed her second Chapter 13 petition for relief on April 3, 2014, as case number 14-41445 WJL. Docket 14-41445. Debtor filed the case Pro Se. Docket 14-41445. This second bankruptcy was dismissed on May 23, 2014, because Debtor had not filed a copy of her income tax returns. Docket 14-41445.

4. Debtor filed her third Chapter 13 petition on May 30, 2014, as case number 14-42337. Docket 14-42337. Debtor filed the case Pro Se. Docket 14-42337. Debtor's case was dismissed on June 18, 2014, for failing to file missing documents. Docket 14-42337.

5. One of the Debtor's assets listed on Debtor's schedules, in case number 14-41445 WJL (hereinafter the "Second Bankruptcy") was Debtor's home located at 7218 Holly Street, Oakland, California, assessor's parcel number 039-3308-018 ("Real Property"). Docket 14-41445, no. 9.

6. The creditor that had the security interest in the Real Property was Roosevelt Owyang - Trustee of the Lu-Owyang Family Survivor's Trust (hereinafter "Owyang"). Docket 14-41445, no. 9.

7. On April 18, 2014, Owyang sold Debtor's Real Property in a Trustee's Sale. Exhibit A, attached hereto and incorporated herein by reference. The Trustee's Sale occurred within 30 days of Debtor's Second Bankruptcy filing. The Trustee's Deed Upon Sale was recorded in Alameda County on May 5, 2014, as instrument number 2014106679. Exhibit A.

8. Owyang received proper notice of the Second Bankruptcy at: Lu-Owyang Family Survivor Trust, c/o Rossevelt Owyang, 138 Lenox Way, San Francisco, CA 94127. Docket 14-41445, no. 9 and Court's mailing matrix for 14-41445. This is the same address for Owyang shown on the Trustee's Deed

Upon Sale. Exhibit A. Owyang had actual knowledge of the Second Bankruptcy when Owyang conducted the Trustee's Sale on April 18, 2014. Owyang had actual knowledge of the Second Bankruptcy when he recorded the Trustee's Deed Upon Sale in Alameda County on May 5, 2014.

9. At no time during the Second Bankruptcy did Owyang, or any other party, seek relief from the automatic stay. Docket 14-41445.

10. Owyang has never offered to rescind the Trustee's Sale or withdraw the recorded Trustee's Deed of Sale. Elkington Decl., ¶ 15.

11. There is substantial equity in the Real Property. Debtor valued the Real Property at $300,000. Docket 14-41445, no. 7. Trulia.com estimates that the value of the Real Property is $305,000. Exhibit B, attached hereto and incorporated herein by reference. Zillow.com estimates that the value of the Real Property is $346,000. See Exhibit C, attached hereto and incorporated herein by reference. The value Owyang's security interest in the Real Property was stated to be $171,144.31. Docket 14-41445, no.s 7 & 9.

12. Debtor continues to reside in her Real Property. Elkington Decl., ¶ 14. Debtor wants to reopen this case and vacate the dismissal so that the Trustee's Sale can be declared void. Debtor wants to sell her Real Property at its fair market price. Elkington Decl., ¶ 14.

13. Debtor could not afford to hire an attorney to assist her in her prior three bankruptcies. Elkington Decl., ¶ 12. (Current counsel has agreed to represent Debtor on a pro bono basis.) Elkington Decl., ¶ 12. Debtor's past failures in bankruptcy occurred because Debtor did not have access to competent legal advice. Elkington Decl., ¶ 12.

14. Debtor has at all times acted in good faith. Elkington Decl., ¶ 12.

15. Owyang was the creditor that had a security interest in the Real Property prior to the Trustee's Sale. Docket 14-41445, no. 9. Owyang was the Substitute Trustee that conducted the Trustee's Sale. Exhibit A. Owyang is the person that purchased the Real Property at the Trustee's Sale for $180,641. Exhibit A.

## II.
## MEMORANDUM OF POINTS AND AUTHORITIES.

**A.  Good Cause Exists to Reopen this Bankruptcy Case.**

A bankruptcy court retains jurisdiction to reopen a bankruptcy case for cause, even though the case has been closed. Bumb v. Bonafide Mills, Inc, 327 F.2d 544, 547 (9th Cir. 1964). "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

Bankruptcy Rule 5010 provides that a "case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." In re Paine, 250 B.R. 99, 104 (B.A.P. 9th Cir. 2000). "In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States Trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Fed. R. Bank. P. rule 5010.

The Court's power to reopen a bankruptcy case for cause contains no time limit. In re Dodge, 138 B.R. 602, 605 (Bankr. E.D. Cal 1992); Harris v. Warshawsky, 184 F.2d 660, 662 (2nd Cir. 1950). It is the debtor's burden to demonstrate good cause. In re Wilborn, 205 B.R. 202, 209 (B.A.P. 9th Cir. 1996).

A complaint alleging a section 362 willful violation of the automatic stay is sufficient cause to reopen a case. In re Killmer, 501 B.R. 208 (Bankr. S.D.N.Y. 2013). In addition, "[l]ien avoidance is itself sufficient cause to reopen [a] case; debtor need not advance additional good cause for reopening." Matter of Caicedo, 159 B.R. 104, 105-106 (Bankr. D. Conn. 1993). Just as there is no limit to bring a motion to reopen a case, there is no time limit for bringing a motion to avoid a lien under section 522(f). In re Ricks, 89 B.R. 73, 75 (B.A.P. 9th Cir. 1988). There is also no time limit for raising a violation of the automatic stay. Price v. Rochford, 947 F.2d 829, 830-831 (7th Cir. 1991).

Debtor wants to reopen this bankruptcy case so that she can seek a judgment declaring the Trustee's Sale of her Real Property conducted by Owyang to be void, pursuant to section 362. Debtor also wants to reopen this bankruptcy case so that she can seek a judgment avoiding the Trustee's Deed Upon Sale recorded by Owyang to perfect the unlawful Trustee's Sale. Debtor has established good cause to reopen her case "to accord relief to the debtor" so that she can contest the Trustee's Sale of her Real Property.

///

**B.  Good Cause Exists to Vacate the Dismissal of this Bankruptcy Case.**

Federal Rule of Civil Procedure rule 60(b) is made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure rule 9024.  In re Rodeo Canon Development Corp., 392 Fed.Appx. 576, 578 (9th Cir. 2010).  Bankruptcy rule 9024 authorizes the court to set aside an order

 dismissing a bankruptcy case.  In re AVI, Inc., 389 B.R. 721, 730 (B.A.P. 9th Cir. 2008).  A motion under Rule 60(b) must be made within a reasonable time, but no more than a year after the entry of the judgment or order or the date of the proceeding.  Fed. R. Civ. P. rule 60(c)(1).  Fed. R. Bank. P. rule 9013 sets forth the procedures for filing a rule 9024 motion.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons" "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief."  Fed. R. Civ. P. Rule 60(b)(1) and (6).  A "liberal interpretation" of "excusable neglect" should be applied.  In re Magouirk, 693 F.2d 948, 951 (9th Cir. 1982).

Bankruptcy courts are courts of equity.  In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986).  The court has broad discretion to "modify or vacate its order so long as no intervening right has become vested in reliance thereon."  Ibid.  The bankruptcy court should consider "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  Bateman v. United States Postal Service, 231 F.3d 1220, 1223-1224 (9th Cir. 2000).

Debtor could not afford to hire an attorney to represent her in her three bankruptcy cases.  Elkington Decl., ¶ 12.  Debtor's successive failures in bankruptcy cases resulted from her inability to obtain legal advice.  Elkington Decl., ¶ 12.  (Current counsel is representing Debtor on a pro bono basis.)  Debtor does not understand the bankruptcy process and has made a series of mistakes.  The most serious mistake made by Debtor is that she did not realize that she could contest the Trustee's Sale which occurred during the automatic stay period in her Second Bankruptcy.

///

Debtor's "mistake, inadvertence, surprise, or excusable neglect" justifies relief. No party has detrimentally relied on the dismissal order. No party will be prejudiced by vacating the dismissal order. This motion has been made within a reasonable time, pursuant to Fed. R. Bank. P. rule 9013 and Fed. R. Civ. P. rule 60. Debtor has at all times acted in good faith. Elkington Decl., ¶ 16.

The equities weigh in favor of the requested relief. Owyang has unlawfully obtained title to Debtor's Real Property by conducting a Trustee's Sale in violation of the automatic stay. Docket 14-41445; Exhibit A. Owyang was not a bona fide purchaser because the Trustee's Sale was not an arms-length transaction. See United States v. Arce-Padilla, 981 F.Supp.2d 852, 856 (D. Ariz. 2013); United States v. McHan, 345 F.3d 262, 279 (4th Cir. 2003). Owyang was the secured creditor before the Trustee's Sale, he was the Trustee that conducted the Trustee's Sale, and he was the purchaser of the Real Property at the Trustee's Sale. Docket 14-41445; Exhibit A.

This injustice must be undone. Debtor intends to sell the Real Property. Elkington Decl., ¶ 14. There is considerable equity in the Real Property if the Property is sold at its fair market value rather than at a foreclosure price. Elkington Decl., ¶ 13. Debtor is entitled to sell her Real Property for the benefit of herself and the creditors of the bankruptcy estate.

## III.
## PRAYER

WHEREFORE, the Debtor prays for the following relief:

A. An order reopening this bankruptcy case;

B. An order vacating the dismissal of this bankruptcy case, and,

C. Any such other and further relief as this Court deems just and appropriate under the circumstances of this proceeding.

Dated: August 12, 2014

Respectfully Submitted,
ELKINGTON LAW OFFICE

SALLY J. ELKINGTON
BY: SALLY J. ELKINGTON
Attorney for Debtor